Eager v. Public Util. Comm. OS. 3 Abs. 764; OS. Pend. 3 Abs. 661; Dock. 19319, 8-2-25; 3 Abs. 514; order aff. 3 Abs. 764.

Espel v. Amusement Co. OS. Pend. 3 Abs. 583; Dock. 19321, 8-13-25; 3 Abs. 514; Dis. no const. quest. inv. 4 Abs. 11.

Fitzsinon Realty Co. v. Minnich. OS. Pend. 4 Abs. 28; Dock. 19411, 11-10-25, 3 Abs. 722; mo. cer. ov. 4 Abs. 26.

Fried Paper Co. v Will. OS. Pend. 4 Abs. 27 ;Dock 19456; 12-4-25, 3 Abs. 762; mo. cer. ov. 4 Abs. 26.

Gertz, Admx. v. Varwig. OS. Pend. 3 Abs. 581; Dock. 19331, 8-17-25; 3 Abs. 530; mo. cer. ov. 4 Abs. 12.

Gilmour, Admr. v. Cross. OA. 3 Abs. 699; Dock. 19285, 7-23-25, 3 Abs. 466; mo. cer. ov. 3 Abs. 764.

Hauser v. State ex; OA. 3 Abs. 511; OS. 4 Abs. 13; Dock. 19197, 6-12-25; 3 Abs. 386; jud. aff. 4 Abs. 11.

Hill v. Burns. OS. Pend. 3 Abs. 765; Dock. 19389, 10-20-25, 3 Abs. 674; mo. cer. ov. 4 Abs. 12.

Hilty v. Gilbert et. OS. Pend. 3 Abs. 694; Dock. 19348, 9-9-25, 3 Abs. 580; mo. cer. all. 4 Abs. 57.

Jordan v. Murphy. OS. Pend. 3 Abs. 727; Dock. 19382, 10-15-25, 3 Abs. 658. mo cer. ov. 4 Abs. 26.

Katz v. Stotter. OS. Pend. 3 Abs. 758; Dock. 19400, 11-2-25; 3 Abs. 690; mo. cer. ov. 4 Abs. 12.

Kokensparger v. State. OS. Pend. 4 Abs. 29; Dock. 19453, 12-2-25; 3 Abs. 762; mo. cer. ov. 4 Abs. 57.

Morton v. Davazac. OA. 3 Abs. 637; OS. Pend. 3 Abs. 549; Dock. 19314, 8-8-25, 3 Abs. 499; mo. cer. ov. 4 Abs. 11.

Niebes v. Silvestro et. OS. Pend. 3 Abs. 644; Dock. 19282, 7-22-25, 3 Abs. 466; mo. cer. ov. 3 Abs. 764.

Northwest. Ins. Co. v. Fisheries Co. OA. 3 Abs. 716; Dock. 19310, 8-6-25, 3 Abs. 716; mo. cer. ov. 4 Abs. 26.

P'otts v. Plotts. OS. Pend. 46; Dock. 19452, 12-2-25, 3 Abs. 762; mo. cer. ov. 4 Abs. 42.

Perrine v. Perrine et. OA. 3 Abs. 59; Dock. 19422, 11-14-25, 3 Abs. 722; mo. to dis. sus. 4 Abs. 41.

Purnhagen et v. Indus. Comm. OS. Pend. 3 Abs. 596; Dock. 19289, 7-24-25, 3 Abs. 466; mo. cer. ov. 3 Abs. 764.

Rockey v. Rockey. OS. Pend. 3 Abs. 663; Dock. 19361, 9-24-25; 3 Abs. 610; mo. cer. ov. 4 Abs. 12.

Schaffer v. Schaffer. OS. Pend. 3. Abs. 626; Dock. 19311, 8-7-25; 3 Abs. 499; mo. to cer. all. 4 Abs. 11.

Siebenschuh v. State. OS. Pend. 4 Abs. 46; Dock. 19447, 11-27-25; 3 Abs. 754; leave to file pet. in err. ov. 4 Abs. 42.

Small v. Pub. Utl. Comm. OA. 3 Abs. 410; OS. 4 Abs. 12; Dock. 19326, 8-14-25, 3 Abs. 530; ord. rev. 4 Abs. 11.

Stacey v. Fidelity & Cas. Co. OS. Pend. 4 Abs. 45; Dock. 19431, 11-20-25, 3 Abs. 738; mo. cer. all. 4 Abs. 26.

State ex v. Hadaway et. OS. Pend. 3 Abs. 530; OS. 4 Abs. 13; Dock. 19250, 7-10-25, 3 Abs. 451; jud. aff. 4 Abs. 11.

Strohm v. Blackford. OA. 3 Abs. 719; Dock. 19429, 11-19-25, 3 Abs. 738; mo. cer. ov. 4 Abs. 26.

Tanner v. Gault et. OA. 3 Abs. 669; Dock. 19392, 10-22-25, 3 Abs. 674; mo. cer. ov. 4 Abs. 41.

Watkins v. State. OS. Pend. 4 Abs. 44; Dock. 19415, 11-13-25; 3 Abs. 722; mo. cer. ov. 4 Abs. 26.

Wigmore Co. v. Chapman. OS. Pend. 3 Abs. 403; OS. 4 Abs. 42; Dock. 19119, 5-6-25, 3 Abs. 313; jud. rev. 4 Abs. 25.

---

# Weekly Abstract of PENDING CASES

No. 113

KIMBARK v. TIMKEN BEARING CO.

No. 19467. Supreme Court

On motion to certify. Dock. Dec. 10, 1925; 3 Abs. 762.

480. EVIDENCE—1. May testimony, concerning conversations at the time of a written order for transfer of stock was signed, be admitted to prove that such order was for the purpose of giving collateral security and not an absolute transfer?

2. If evidence is introduced, from which the inference that an order for the transfer of stock was for collateral only, may be drawn, is it error to direct a verdict against the party which such inference would favor?

In 1906, Bessie Kimbark purchased nine shares of the Timken Roller Bearing Co's stock at $250 per share and her husband purchased one share. Payment was made of $2000 in cash and balance by a note of $500, payable in three years. The money for the cash payment was borrowed at two banks, $1500 being borrowed from the First National Bank of Canton, the same being secured by a pledge of the ten shares of stock.

Kimbark's husband was employed by the Company in its office and in 1908, a shortage of $2186.93 was discovered in his accounts. In Mrs. Kimbark's absence, Mr. Kimbark and the Company made some arrangement for the settlement of the shortage and pursuant thereto one Ernst, a public accountant and one Manning, one the of Company's accountants, under authorization from the Company, went with Mr. Kimbark to his home to explain the arrangement to Mrs. Kimbark, Mr. Manning remaining outside. Ernst remained silent and Mr. Kimbark stated to his wife that it was necessary to "turn the stock over to the Company as collateral" for the shortage and the $500 note and "please not to ask any questions until later and he would explain the whole situation."

Thereupon, Ernst produced a paper, prepared by the Company and Mrs. Kimbark signed it "to complete the transaction". The paper was an order for the transfer of Mrs. Kimbark's stock, which was held as collateral at the Bank. The Company then redeemed the shares of stock and later the stock was transferred to H. H. and W. R. Timken without notice to Mrs. Kimbark.

The testimony of Mrs. Kimbark as to statements made to her by her husband in Ernst's presence was excluded from the jury and she was not permitted to testify that she had turned over her stock as collateral only, and not as a sale or absolute transfer although Mr. Timken was permitted to testify that the stock was not deposited as collateral.

Immediately after the foregoing transactions, two promissory notes aggregating $2,-186.93, the amount of Mr. Kimbark's shortage were executed by Mr. and Mrs. Kimbark and Mr. Kimbark's mother and delivered to the Company, which notes were paid at maturity. The note to the Bank, taken up by the Company, and the $500 note were not paid, but on October 19, 1923, Mrs. Kimbark tendered

$3228.93 in full payment of both notes and demand was made for the stock. Both tender and demand were refused.

A few days after the stock was turned over by Mrs. Kimbark, testimony offered showed that she and Timken had a conference in which he admitted the stock was held as collateral.

The plaintiff then rested, and upon motion of the Company, the Court directed a verdict for the Company on the ground that no evidence tending to sustain Kimbark's claims had been introduced. This judgment was affirmed by the Stark Court of Appeals.

Kimbark, in the Supreme Court, contends:

1. That the court erred in rejecting the testimony of Mrs. Kimbark as to the conversation at her home at the time of her assignment of stock; and as to the purpose for which she assigned the stock.

2. That error was committed in admitting and considering the testimony of Timken as to a contract claimed to have been made with Mr. Kimbark in his wife's absence, which was not shown to have been communicated to her before or at the time she assigned her stock.

3. That the court erred in directing a verdict for the defendant under the scintilla rule.

Attorneys—Herbruck, Black, McCuskey and Ruff and Loren E. Sauers, Canton, for Kimbark; Luther Day, Cleveland, and Lynch, Day, Fimple and Lynch, Canton, for Company.